UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| NATALIE RIGBY | CIVIL ACTION |
| VERSUS | |
| BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND MECHANICAL COLLEGE | NO. 24-00264-BAJ-SDJ |

## RULING AND ORDER

Before the Court is Defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College's ("LSU") **Motion To Dismiss Plaintiff's Complaint For Lack Of Subject Matter Jurisdiction Under 12(b)(1). (Doc. 28, the "Motion")**. The Motion is effectively unopposed, except for Plaintiff Natalie Rigby's ("Plaintiff") request "that the dismissal be without prejudice." (Doc. 35) For reasons listed below, LSU's Motion shall be **GRANTED**.

Plaintiff filed this action against her former employer, LSU, asserting claims arising out of her retirement. (Doc. 1 at ¶ 1). Plaintiff claims that she was forced into retirement because of age-related retaliation and discrimination because of her race. (*Id.* at ¶¶ 18–24). Plaintiff seeks to hold LSU liable for violating her rights pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*. ("ADEA") and 42 U.S.C. § 1981 through 42 U.S.C. § 1983.

Under Fed. R. Civ. P 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d

1006, 1010 (5th Cir. 1998) (internal citations omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Robertson v. Scheuermann*, No. 18-75-JWD-RLB, 2019 WL 96223, at *1 (M.D. La. Jan. 3, 2019) (citation and internal quotation marks omitted).

In its Motion, LSU asserts its sovereign immunity and argues that Plaintiff's claims against it are barred by the Eleventh Amendment of the U.S. Constitution and that the Court lacks subject matter jurisdiction. (Doc. 28-1 at 5). In her Response, Plaintiff notes that "although she does not agree with the reasoning or holdings relied upon by [LSU] in its Motion to Dismiss, she recognizes that these authorities accurately state the prevailing rule of law." (Doc. 35 at 1).

"The Eleventh Amendment bars suits against a state [in federal court] by a citizen of that state or a different state," *Hirtz v. State of Tex.*, 974 F.2d 663, 666 (5th Cir. 1992), "unless the state has waived its sovereign immunity or Congress has expressly abrogated it." *Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citations omitted). "[E]leventh amendment immunity is a jurisdictional issue that cannot be ignored." *McDonald v. Bd. of Mississippi Levee Comm'rs*, 832 F.2d 901, 906 (5th Cir. 1987) (quotation marks omitted). Still, "sovereign immunity is a personal privilege which [the state] may waive at pleasure." *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Ednc. Expense Bd.*, 527 U.S. 666, 675 (1999).

LSU is "an arm of the state" for Eleventh Amendment purposes, and state law negligence claims fall squarely within the ambit of the Eleventh Amendment's

protection. *See Raj, 714 F.3d at 328*. Thus, absent a waiver from LSU, Plaintiff cannot pursue her discrimination claim here. *See id.*

Accordingly,

**IT IS ORDERED** that Defendant's **Motion To Dismiss Plaintiff's Complaint For Lack Of Subject Matter Jurisdiction Under 12(b)(1) (Doc. 28)** be and is hereby **GRANTED** and the case will be **DISMISSED WITHOUT PREJUDICE.**

Baton Rouge, Louisiana, this 23rd day of July, 2025

**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**